## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

S.S., a minor by his mother and next friend )
**TAMIKA SHANK** )
3310-4[th] Street, S.E. )
Washington, DC 20032 )
202-561-1050 )
)
and )
)
**TAMIKA SHANK** )
3310-4[th] Street, S.E. )
Washington, DC 20032 )
202-561-1050 )
)
            Plaintiffs, )
)
      v. )
)
**HOWARD ROAD ACADEMY** )
Public Charter School )
701 Howard Road, S.E. )
Washington, DC 20020 )
)
and )
)
**LATONYA HENDERSON** )
(in her official capacity as) )
Chief Administrative Officer )
Howard Road Academy )
Public Charter School )
701 Howard Road, S.E. )
Washington, DC 20020 )
)
           Defendants. )
_____ )

**RECEIVED**

JAN **3 1** 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Civil Action Number _____
Judge _____

## COMPLAINT
(for declaratory and injunctive relief, reversal of administrative order, attorneys' fees and costs)

### PRELIMINARY STATEMENT

This is an action under the Individuals with Disabilities Education Improvement Act of

2004 ("IDEIA"), 20 U.S.C. § 1400 *et seq*. and 42 U.S.C. § 1983 seeking relief from an administrative Hearing Officer's Determination ("HOD") issued on November 6, 2007.

## JURISDICTION

1.  Jurisdiction of this Court is founded in the IDEIA, 20 U.S.C. § 1415, the Rehabilitation Act of 1973 ("Section 504"), 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343.

2.  Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3.  Plaintiffs have exhausted their administrative remedies and appeal to this Court for relief from a HOD.

## PARTIES

4.  Plaintiff S.S. is a disabled child, as defined by the IDEIA and Section 504, eligible to receive special education and related services.

5.  Plaintiff Tamika Shank is S.S.'s mother. Tamika Shank brings this action on S.S.'s behalf and in her own right.

6.  At all times relevant to this action, both Plaintiffs have resided in the District of Columbia.

7.  Defendant Howard Road Academy Public Charter School ("HRA") is a District of Columbia charter school which has elected to be its own Local Education Agency ("LEA") under the IDEIA for special education purposes.

8.  Defendant LaTonya Henderson is the Chief Administrative Officer of HRA and as such is the official charged with ensuring that HRA complies with federal laws regarding the education of disabled children. She is being sued in her official capacity.

## FACTS

9.  S.S. is a thirteen year old 7th grader at HRA who has been diagnosed with a language

2

based learning disorder and a reading disorder. He has significant difficulties with written expression, math and reading. A 2007 evaluation reveals that he is decoding words and reading at the level of a second grader. His academic functioning is between the 2nd and 4th grades, three to five years below his current grade level.

10.    He has been a student at HRA since his 4th grade year and was retained one time.

11.    An individualized education plan ("IEP") developed in February 2007, which was at issue in the due process hearing in this matter, classifies him as a student with a learning disability and provides that he was to receive 17 hours a week of specialized instruction, one hour a week of speech and language therapy and one hour a week of counseling.

12.    A due process hearing was held at the District of Columbia Public Schools ("DCPS") Student Hearing Office on October 23, 2007. The parties involved in the hearing were Tamika Shank and HRA.

13.    The Hearing Officer ("HO") was Terry Michael Banks and HOD was issued on November 5, 2007.

14.    As a preliminary matter, the HO denied HRA's Motion to Join DCPS as a party to the hearing.

15.    At the hearing Plaintiffs presented thirty-three exhibits as documentary evidence and presented the live testimony of three witnesses.

16.    Plaintiffs established the denial of a free appropriate public education ("FAPE") because S.S.'s IEP was inappropriate. Plaintiff presented extensive testimony that S.S.'s IEP goals and objectives lacked goals in key areas of his disability and that many of the goals were inappropriate. Additionally, many of the IEP goals and objectives did not substantially change from year to year.

3

17.    Plaintiff established the denial of FAPE by showing that S.S. did not make academic
       progress. His final 7th grade year report card has two Ds and one F. S.S.'s most recent
       report card has similar grades.

18.    On information and belief, S.S. is not even receiving all of the services on his IEP.

19.    Plaintiff established the denial of FAPE because HRA is an inappropriate placement.
       Plaintiff's expert testified that given the nature of his disability, the inclusion model at
       HRA is not an appropriate classroom model for S.S. The expert psychologist testified
       that as a result of the delivery of specialized serviced in this manner she saw issues of
       low self esteem, sadness, depression and anxiety.

20.    Defendant's witnesses testified that virtually all of S.S.'s specialized instruction is being
       delivered through the inclusion model. The HRA special education teacher testified that
       she simultaneously delivered specialized instruction in the classroom to S.S. and two
       other children in the classroom. Defendant's witnesses also testified that S.S.
       occasionally refused the delivery of services in an inclusion model due to embarrassment
       and that depression was a concern.

21.    The HOD contains no findings of fact, no law, and no legal citations, and in fact no
       mention whatsoever, regarding the appropriateness of delivering S.S.'s special education
       services in an inclusion model.

22.    Plaintiff's expert testified that S.S. requires a class size of six to nine students and a
       curriculum which is specially designed for children with learning disabilities. S.S.'s
       HRA classroom has twenty nine other students and the curriculum is not designed for
       children with learning disabilities.

23.    Plaintiff's expert and an experienced speech and language pathologist testified that S.S.

4

requires a self-contained, full time special education placement.

24.    On September 7, 2007 HRA, their own LEA, sent a packet to DCPS, the State Education
Agency ("SEA") requesting a full time special education placement for S.S. As of the
date of filing this Complaint, the SEA DCPS never responded to the referral or scheduled
an IEP meeting.

25.    The HOD erroneously states that the Plaintiffs did not present testimony that S.S.
required a full time special education placement. Based on this erroneous statement of
fact, the HO improperly concluded that Plaintiffs had not met their burden of establishing
that S.S. requires a full time special education placement. The HOD thus contains a
palpable error of fact and a legally erroneous conclusion.

26.    At the hearing, Plaintiff established that he was denied FAPE because he did not get
extended school year ("ESY") services. S.S.'s February 2007 IEP includes ESY
services. Tamika Shank testified that she spoke with the school about providing S.S.
with ESY services. In their closing, counsel for the Defendant conceded that HRA had
not submitted the forms required to ensure that S.S. got his ESY services. Despite this,
the HOD finds that Plaintiffs did not meet their burden of establishing that HRA failed to
provide S.S. with ESY services. The HOD thus contains a palpable error of fact and a
legally erroneous conclusion.

27.    At the hearing, the Plaintiffs established that Accotink Academy, where S.S. has been
accepted, would be an appropriate placement for this student.

28.    The HOD states that the Plaintiffs had not met their burden of proof on any of the issues
presented and dismissed the case without prejudice.

29.    The findings of fact in the HOD contain only two scant references to witness testimony

5

relying mainly upon documentary evidence. Without cause or valid explanation, the HO
ignored hours of witness testimony.

30.    Many of the issues raised in the due process hearing request and fully litigated at the due
process hearing through extensive witness testimony and legal argument were not even
mentioned in the HOD.

31.    The HOD contains palpable errors of fact and law.

32.    The legal findings are arbitrary, capricious, and unsupported by the record in this case.

33.    The legal findings are clearly against the weight of evidence.

34.    The legal findings are erroneous.

35.    The HO erred by failing to find that HRA had denied S.S. a FAPE.

36.    The HO misinterpreted and misapplied federal and D.C. statutory case law in his
decision.

37.    Plaintiffs are aggrieved by the HOD.

38.    Plaintiffs have exhausted their administrative remedies.

## COUNT 1
(Violation of 20 U.S.C. § 1400 *et seq.*, 5 DCMR 3000 *et seq.* & the Rehabilitation Act of 1973)

39.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1
through 34.

40.    The IDEIA, 20 U.S.C. § 1415, mandates that Defendant provide Plaintiff with a FAPE,
including an appropriate individualized educational program ("IEP") and placement.

41.    As its own LEA, Defendant HRA must assure the provision of these services. 5 DCMR
3019.

42.    Section 504 requires substantial procedural compliance with all procedural and

6

substantive rights under the IDEIA.

43.    Defendant failed to provide S.S. with a FAPE, including an appropriate IEP and educational placement.

44.    Defendant's failure to provide a FAPE and Due Process of Law constitutes a violation of his rights under the IDEIA and Section 504.

## COUNT II
### (Violation of 42 U.S.C. § 1983)

45.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1 through 34.

46.    By failing to award appropriate relief, Plaintiffs have been denied federal statutory rights under color of law in violation of 42 U.S.C. § 1983.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray that this Court:

1.    Enter declaratory judgment finding that the HOD is not appropriate as a matter of law and reverse the HOD;

2.    Enter a declaratory judgment finding that S.S. requires a full time special education placement and a finding that Accotink Academy is an appropriate placement for S.S.;

3.    Order HRA to place and fund S.S. at Accotink Academy;

4.    Award S.S. compensatory education to be funded by HRA;

5.    Award attorneys' fees and costs; and

6.    Grant such other relief as the Court deems appropriate.

7

Respectfully Submitted,

_Wulkan_

Donna L. Wulkan
D.C. Bar No. 370961
1765 N Street, N.W.
Carriage House
Washington, D.C. 20036
(202) 682-3909
(202) 986-4670 (fax)
Attorney for Plaintiffs

8

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

08-214

**I (a) PLAINTIFFS**

SS, ET AL

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
DONNA L. WULKAN
1765 N STREET, N.W.
CARRIAGE HOUSE
WDC 20036
202.682.3909

**DEFENDANTS**

HOWARD ROAD ACADEMY
ET AL

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TR

Case: 1:08-cv-00214
Assigned To : Huvelle, Ellen S.
Assign. Date : 2/6/2008
Description: Civil Rights-Non-Employ.

**II. BASIS OF JURISDICTION**
(PLACE AN x IN ONE BOX ONLY)

□ 1 U.S. Government
Plaintiff

● 3 Federal Question
(U.S. Government Not a Party)

□ 2 U.S. Government
Defendant

□ 4 Diversity
(Indicate Citizenship of Parties
in item III)

**III CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | □ 1 | □ 1 | Incorporated or Principal Place of Business in This State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

**□ A. Antitrust**

□ 410 Antitrust

**□ B. Personal Injury/ Malpractice**

□ 310 Airplane
□ 315 Airplane Product Liability
□ 320 Assault, Libel & Slander
□ 330 Federal Employers Liability
□ 340 Marine
□ 345 Marine Product Liability
□ 350 Motor Vehicle
□ 355 Motor Vehicle Product Liability
□ 360 Other Personal Injury
□ 362 Medical Malpractice
□ 365 Product Liability
□ 368 Asbestos Product Liability

**□ C. Administrative Agency Review**

□ 151 Medicare Act

**Social Security:**
□ 861 HIA ((1395ff)
□ 862 Black Lung (923)
□ 863 DIWC/DIWW (405(g)
□ 864 SSID Title XVI
□ 865 RSI (405(g)

**Other Statutes**
□ 891 Agricultural Acts
□ 892 Economic Stabilization Act
□ 893 Environmental Matters
□ 894 Energy Allocation Act
□ 890 Other Statutory Actions (If
Administrative Agency is Involved)

**□ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**□ E. General Civil (Other) OR □ F. Pro Se General Civil**

**Real Property**
□ 210 Land Condemnation
□ 220 Foreclosure
□ 230 Rent, Lease & Ejectment
□ 240 Torts to Land
□ 245 Tort Product Liability
□ 290 All Other Real Property

**Personal Property**
□ 370 Other Fraud
□ 371 Truth in Lending
□ 380 Other Personal Property Damage
□ 385 Property Damage Product Liability

**Bankruptcy**
□ 422 Appeal 28 USC 158
□ 423 Withdrawal 28 USC 157

**Immigration**
□ 462 Naturalization Application
□ 463 Habeas Corpus- Alien Detainee
□ 465 Other Immigration Actions

**Prisoner Petitions**
□ 535 Death Penalty
□ 540 Mandamus & Other
□ 550 Civil Rights
□ 555 Prison Condition

**Property Rights**
□ 820 Copyrights
□ 830 Patent
□ 840 Trademark

**Federal Tax Suits**
□ 870 Taxes (US plaintiff or defendant

□ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty:**
□ 610 Agriculture
□ 620 Other Food &Drug
□ 625 Drug Related Seizure of Property 21 USC 881
□ 630 Liquor Laws
□ 640 RR & Truck
□ 650 Airline Regs
□ 660 Occupational Safety/Health
□ 690 Other

**Other Statutes**
□ 400 State Reapportionment
□ 430 Banks & Banking
□ 450 Commerce/ICC Rates/etc.

□ 460 Deportation
□ 470 Racketeer Influenced & Corrupt Organizations
□ 480 Consumer Credit
□ 490 Cable/Satellite TV
□ 810 Selective Service
□ 850 Securities/Commodities/ Exchange
□ 875 Customer Challenge 12 USC 3410
□ 900 Appeal of fee determination under equal access to Justice
□ 950 Constitutionality of State Statutes
□ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

— o —

| □ **G.** *Habeas Corpus/ 2255* | □ **H.** *Employment Discrimination* | □ **I.** *FOIA/PRIVACY ACT* | □ **J.** *Student Loan* |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| □ **K.** *Labor/ERISA (non-employment)* | ☒ **L.** *Other Civil Rights (non-employment)* | □ **M.** *Contract* | □ **N.** *Three-Judge Court* |
|---|---|---|---|
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>☒ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

☒ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7 Appeal to District Judge from Mag. Judge

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 1983

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A CLASS   □   ACTION UNDER F.R.C.P. 23

**DEMAND $**   Check YES only if demanded in complaint

**JURY DEMAND:** □ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY

(See instruction)   □ YES   □ NO   If yes, please complete related case form.

**DATE** 2.6.08   **SIGNATURE OF ATTORNEY OF RECORD** NCO

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

**I.**   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

**III.**   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

**IV.**   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

**VI.**   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

**VIII.**   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd