## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

S.S., a minor by his mother and next friend  )
**TAMIKA SHANK**                              )
3310-4th Street, S.E.              )
Washington, DC 20032                          )
202-561-1050                                  )
                                              )
                                              )
and                                           )
                                              )
**TAMIKA SHANK**                              )
3310-4th Street, S.E.              )
Washington, DC 20032                          )
202-561-1050                                  )
               Plaintiffs,                    )
                                              )
        v.                                    )        Civil Action Number 1:08-cv-214
                                              )        Judge Huvelle
**HOWARD ROAD ACADEMY**                       )
Public Charter School                         )
701 Howard Road, S.E.                         )
Washington, DC 20020                          )
                                              )
and                                           )
                                              )
**LATONYA HENDERSON** (officially as)         )
Chief Administrative Officer                  )
Howard Road Academy                           )
Public Charter School                         )
701 Howard Road, S.E.                         )
Washington, DC 20020                          )
                                              )
               Defendants.                    )
_____      )

### AMENDED COMPLAINT[1]
(for declaratory and injunctive relief, reversal of administrative order, attorneys' fees and costs)

---

[1] The Original Complaint was filed, along with an Application to Proceed In Forma Pauperis, on January 31, 2008. The Application to Proceed In Forma Pauperis was granted on February 6, 2008. As the Clerk's Office has yet to issue the Summons, the Original Complaint has not been served on the Defendants. Therefore, pursuant to Federal Rule Civil Procedure Rule 15, Plaintiffs are herein amending their Complaint as a matter of course.

1

## PRELIMINARY STATEMENT

This is an action under the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA"), 20 U.S.C. § 1400 *et seq*. and 42 U.S.C. § 1983 seeking relief from an administrative Hearing Officer's Determination ("HOD") issued on November 6, 2007.

## JURISDICTION

1. Jurisdiction of this Court is founded in the IDEIA, 20 U.S.C. § 1415, the Rehabilitation Act of 1973 ("Section 504"), 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343.

2. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

3. Plaintiffs have exhausted their administrative remedies and appeal to this Court for relief from a HOD.

## PARTIES

4. Plaintiff S.S. is a disabled child, as defined by the IDEIA and Section 504, eligible to receive special education and related services.

5. Plaintiff Tamika Shank is S.S.'s mother. Tamika Shank brings this action on S.S.'s behalf and in her own right.

6. At all times relevant to this action, both Plaintiffs have resided in the District of Columbia.

7. Defendant Howard Road Academy Public Charter School ("HRA") is a District of Columbia charter school which has elected to be its own Local Education Agency ("LEA") under the IDEIA for special education purposes.

8. Defendant LaTonya Henderson is the Chief Administrative Officer of HRA and as such is

2

the official charged with ensuring that HRA complies with federal laws regarding the
education of disabled children. She is being sued in her official capacity.

## FACTS

9.    S.S. is a thirteen year old 7th grader at HRA who has been diagnosed with a language
based learning disorder and a reading disorder. He has significant difficulties with
written expression, math and reading. A 2007 evaluation reveals that he is decoding
words and reading at the level of a second grader. His academic functioning is between
the 2nd and 4th grades, three to five years below his current grade level.

10.    He has been a student at HRA since his 4th grade year and was retained one time. He was
in HRA through half of his 7th grade year.

11.    An individualized education plan ("IEP") developed in February 2007, which was at issue
in the due process hearing in this matter, classifies him as a student with a learning
disability and provides that he was to receive 17 hours a week of specialized instruction,
one hour a week of speech and language therapy and one hour a week of counseling.

12.    On September 7, 2007, after the request for a due process hearing was filed, HRA, their
own LEA, sent a referral packet to DCPS, the State Education Agency ("SEA")
requesting a full time special education placement for S.S. DCPS did not respond to this
referral or schedule an IEP meeting before the due process hearing. DCPS did not
respond to this referral packet sent by HRA.

13.    A due process hearing was held at the District of Columbia Public Schools ("DCPS")
Student Hearing Office on October 23, 2007. The parties involved in the hearing were
Tamika Shank and HRA. The Hearing Officer ("HO") was Terry Michael Banks.

3

14.    As a preliminary matter, the HO denied HRA's Motion to Join DCPS as a party to the

       hearing. The HO ruled that as of the filing of the Complaint, DCPS was not a necessary

       party as there were no allegations against DCPS.

15.    At the hearing Plaintiffs presented thirty-three exhibits as documentary evidence and

       presented the live testimony of three witnesses.

16.    Plaintiffs established the denial of a free appropriate public education ("FAPE") because

       S.S.'s IEP was inappropriate. Plaintiff presented extensive testimony that S.S.'s IEP

       goals and objectives lacked goals in key areas of his disability and that many of the goals

       were inappropriate. Additionally, many of the IEP goals and objectives did not

       substantially change from year to year.

17.    Plaintiff established the denial of FAPE by showing that S.S. did not make academic

       progress. His final 6th grade year report card has two Ds and one F. S.S.'s most recent

       report card has similar grades.

18.    While at HRA S.S. did not receive all of the special education and related services on his

       IEP.

19.    Plaintiff established the denial of FAPE because HRA is an inappropriate placement.

       Plaintiff's expert testified that given the nature of his disability, the inclusion model at

       HRA is not an appropriate classroom model for S.S. The expert psychologist testified

       that as a result of the delivery of specialized services in this manner she saw issues of low

       self esteem, sadness, depression and anxiety.

20.    Defendant's witnesses testified that virtually all of S.S.'s specialized instruction that is

       delivered is being delivered through the inclusion model. The HRA special education

                                            4

teacher testified that she simultaneously delivered specialized instruction in the classroom to S.S. and two other children in the classroom. Defendant's witnesses also testified that S.S. occasionally refused the delivery of services in an inclusion model due to embarrassment and that depression was a concern. S.S. did not progress academically, nor were his disabilities remediated.

21.    The HOD was issued on November 5, 2007.

22.    The HOD contains no findings of fact, no law, and no legal citations, and in fact no mention whatsoever, regarding the appropriateness of delivering S.S.'s special education services in an inclusion model.

23.    Plaintiff's expert testified that S.S. requires a class size of six to nine students and a curriculum which is specially designed for children with learning disabilities. S.S.'s HRA classroom has twenty nine other students and the curriculum is not designed for children with learning disabilities.

24.    Both Plaintiff's expert and an experienced speech and language pathologist testified that S.S. requires a self-contained, full time special education placement for learning disabled children, which has small classes, such as available at Accotink Academy.

25.    The HOD erroneously states that the Plaintiffs did not present testimony that S.S. required a full time special education placement. Based on this erroneous statement of fact, the HO improperly concluded that Plaintiffs had not met their burden of establishing that S.S. requires a full time special education placement. The HOD thus contains a palpable error of fact and a legally erroneous conclusion.

26.    At the hearing, Plaintiff established that he was denied FAPE because he did not get

5

extended school year ("ESY") services. S.S.'s February 2007 IEP includes ESY services. Tamika Shank testified that she spoke with the school about providing S.S. with ESY services. In their closing, counsel for the Defendant conceded that HRA had not submitted the forms required to ensure that S.S. got his ESY services. Despite this, the HOD finds that Plaintiffs did not meet their burden of establishing that HRA failed to provide S.S. with ESY services. The HOD thus contains a palpable error of fact and a legally erroneous conclusion.

27.    At the hearing, the Plaintiffs established that Accotink Academy, where S.S. has been accepted, would be an appropriate placement for this student. Accotink Academy has small classes, individualized instruction, integrated related services, and a curriculum for learning disabled students.

28.    The HOD states that the Plaintiffs had not met their burden of proof on any of the issues presented and dismissed the case without prejudice.

29.    The findings of fact in the HOD contain only two scant references to witness testimony relying mainly upon documentary evidence. Without cause or valid explanation, the HO ignored hours of witness testimony.

30.    Many of the issues raised in the due process hearing request and fully litigated at the due process hearing through extensive witness testimony and legal argument were not even mentioned in the HOD.

31.    The HOD contains palpable errors of fact and law.

32.    The legal findings are arbitrary, capricious, and unsupported by the record in this case.

33.    The legal findings are clearly against the weight of evidence.

6

34.   The legal findings are erroneous.

35.   The HO erred by failing to find that HRA had denied S.S. a FAPE.

36.   The HO misinterpreted and misapplied federal and D.C. statutory case law in his decision.

37.   Plaintiffs are aggrieved by the HOD.

38.   Plaintiffs have exhausted their administrative remedies.

39.   After the HOD was issued, S.S. continued to struggle academically and socially at HRA. The 17 hours a week of special education services which were on his IEP, but not being delivered consistently or appropriately, were not providing him with a FAPE.

40.   On February 15, 2008, Accotink Academy, a full time special educations school for students with learning disabilities such as S.S., renewed their acceptance of S.S. and agreed to accept him without pre-approved funding.

41.   In preparation for unilaterally placing S.S. at Accotink Academy, and in accordance with the IDEIA, on February 15, 2008 Tamika Shank sent letters to HRA and DCPS notifying them of the unilateral placement and her intention to seek reimbursement and directly requesting funding for the school placement under the IDEIA.

42.   DCPS promptly responded that they were willing to fund a full time special education placement for S.S. and agreed to place and fund him at Accotink Academy. On February 20, 2008, DCPS issued a Notice of Placement for Accotink Academy and arranged for transportation services.

43.   S.S. began Accotink Academy on February 27, 2008 and remains a student there.

## COUNT 1
(Violation of 20 U.S.C. § 1400 *et seq.*, 5 DCMR 3000 *et seq.* & the Rehabilitation Act of 1973)

7

44.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1

through 43.

45.    The IDEIA, 20 U.S.C. § 1415, mandates that Defendant provide Plaintiff with a FAPE,

including an appropriate individualized educational program ("IEP") and placement.

46.    As its own LEA, Defendant HRA must assure the provision of these services.  5 DCMR

3019.

47.    Section 504 requires substantial procedural compliance with all procedural and

substantive rights under the IDEIA.

48.    Defendant failed to provide S.S. with a FAPE, including an appropriate IEP and

educational placement.

49.    Defendant's failure to provide a FAPE and Due Process of Law constitutes a violation of

his rights under the IDEIA and Section 504.

## COUNT II
(Violation of 42 U.S.C. § 1983)

50.    Plaintiffs incorporate herein by reference the allegations contained in paragraphs 1

through 43.

51.    By failing to award appropriate relief, Plaintiffs have been denied federal statutory rights

under color of law in violation of 42 U.S.C. § 1983.

## RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray that this Court:

1.    Enter declaratory judgment finding that the hearing officer was wrong and that

the Defendants violated Plaintiffs' rights under applicable law;

2.    Enter declaratory judgment reversing the HOD and finding that S.S. requires a

8

full time special education placement for students with learning disabilities,

that HRA was an inappropriate placement and that S.S. did not receive FAPE

at HRA;

3.    Award S.S. compensatory education to be funded by HRA;

4.    Award attorneys' fees and costs for the administrative due process hearing and

the instant action; and

5.    Grant such other relief as the Court deems appropriate.

Respectfully Submitted,

*Donna Wulkan/aka*

Donna L. Wulkan
D.C. Bar No. 370961
1765 N Street, N.W.
Carriage House
Washington, D.C. 20036
(202) 682-3909
(202) 986-4670 (fax)
Attorney for Plaintiffs

9