UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

S.S., a Minor by his Mother and Next Friend,
TAMIKA SHANK

And

TAMIKA SHANK

    Plaintiffs,

v.                                         Case No. 08-214- ESH

HOWARD ROAD ACADEMY

And

LATONYA HENDERSON (officially
As Chief Administrative Officer
Howard Road Academy)

    Defendants.
_____/

## DEFENDANTS' MOTION TO DISMISS

COMES NOW Defendants, Howard Road Academy and Latonya Henderson (Officially as Chief Administrative Officer of Howard Road Academy), by counsel, pursuant to Federal Rule of Civil Procedure 12(b)(6), and hereby moves this Court for dismissal of Plaintiffs' Amended Complaint.

In further support of Defendants' Motion to Dismiss, Defendants rely upon their Memorandum of Points and Authorities filed contemporaneously herewith.

Respectfully Submitted,

**HOWARD ROAD ACADEMY**
**and**
**LATONYA HENDERSON**
By Counsel

/s/
_____
Stephen A. Horvath, Esquire
Virginia State Bar No. 19133
*Counsel for Defendants Howard Road Academy*
*And Latonya Henderson*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
shorvath@vadctriallaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2008, I will electronically file the foregoing Motion to Dismiss with the Clerk of Court electronically, which will then send a notification of such filing to the following:

Donna L. Wulkan, Esquire
D.C. Bar No. 370961
*Counsel for Plaintiffs*
1765 N Street, N.W.
Carriage House
Washington, D.C. 20036

/s/_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
*Counsel for Defendants Howard Road Academy and Latonya Henderson*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:    (703) 385-1555
shorvath@vadctriallaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

S.S., a Minor by his Mother and Next Friend,
TAMIKA SHANK

And

TAMIKA SHANK

    Plaintiffs,

v.                                                                                          Case No. 08-214- ESH

HOWARD ROAD ACADEMY

And

LATONYA HENDERSON (officially
As Chief Administrative Officer
Howard Road Academy)

    Defendants.
_____/

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO DISMISS

Defendants, Howard Road Academy and Latonya Henderson (Officially as Chief Administrative Officer of Howard Road Academy), by counsel, respectfully submits this Memorandum of Points and Authorities in support of their Motion to Dismiss, and states as follows:

**I.     Introduction**

Pursuant to the Individuals with Disabilities Education Act of 2004 ("IDEA"), 20 U.S.C. Section 1412(a)(1), disabled students are entitled to a Free Appropriate Public Education ("FAPE"). Once a student is suspected of a disability, the school system (local education

1

agency) must determine whether that child is eligible to receive special education and related services. 20 U.S.C. Section 1414(a). A multidisciplinary team ("MDT"), consisting of the student's parents, teachers, and other educational specialists, meet and confer in a collaborative process to consider relevant functional, developmental and academic information about the student to determine eligibility. 20 U.S.C. Section 1414(b).

At times, the team may request additional information or assessments to assist in its determinations. *Id.* If the student is deemed eligible, the team then will create an individualized education program ("IEP") designed to provide the student with a FAPE. 20 U.S.C. Section 1414(d)(1)(B). The IEP is the written statement from the meeting that includes, among other things, goals and instructional objectives, services to be provided, projections regarding the dates when such services will be offered, and criteria for evaluating whether instructional objectives are being met. 20 U.S.C. Section 1414(d)(1)(A); 20 U.S.C. Section 1401(14).

IDEA imposes extensive procedural requirements upon States receiving federal funds under its provisions. Parents or guardians of handicapped children must be notified of any proposed change in "the identification, evaluation, or educational placement of the child or the provision of a free appropriate public education to such child," and must be permitted to bring a complaint about "any matter relating to" such evaluation and education. 20 U.S.C. Sections 1415 (b)(1)(D) and (E). Complaints brought by parents or guardians must be resolved at "an impartial due process hearing," and appeal to the State educational agency must be provided if the initial hearing is held at the local or regional level. 20 U.S.C. Sections 1415 (b)(2) and (c). Thereafter, "[any] party aggrieved by the findings and decision" of the state administrative hearing has "the right to bring a civil action with respect to the complaint . . . in any State court of competent

jurisdiction or in a district court of the United States without regard to the amount in controversy." 20 U.S.C. Sections 1415 (e)(2).

In the District of Columbia, charter schools elect to be either Local Education Agencies ("LEA Charters") or District of Columbia Public Schools ("District Charters") for special education purposes. Code of D.C. Municipal Regulations Section 5-3019.1. In this case, Plaintiffs allege Howard Road Academy is a LEA Charter. (Amended Complaint paragraph 7). The rights and obligations of LEA Charters are set forth in 5-3019 of the Code of D.C. Municipal Regulations. Pursuant to Code Section 5-3019.9 of the Code of D.C. Municipal Regulations, "When an LEA Charter concludes that it cannot serve a child with a disability enrolled in its facility using the funds available to it, it shall appeal to DCPS, in its role as designee for the State Education Agency ("SEA"), for assistance." According to Plaintiffs' Amended Complaint, Defendants did so on September 7, 2007, but DCPS did not respond to Howard Road Academy's request for a full time special education placement for S.S. (Amended Complaint paragraph 12).

## II.  Factual and Procedural Background

Plaintiffs Tamika Shank, on behalf of her minor son, S.S., and in her own right, brings this action pursuant to IDEA, 20 U.S.C. Section 1400 *et. Seq.*, and 42 U.S.C. Section 1983 against Howard Road Academy and Latonya Henderson in her official capacity as Chief Administrative Officer of Howard Road Academy. (Amended Complaint paragraph 1, 49, 51).

In their Amended Complaint, Plaintiffs allege S.S. was a thirteen-year-old resident of the District of Columbia, who attended Howard Road Academy until February 27, 2008, at which time S.S. began at Accotink Academy. (Amended Complaint paragraphs 6, 43). Plaintiffs allege

3

S.S. was denied a FAPE while enrolled at Howard Road Academy because he did not have an appropriate IEP or an appropriate school placement. (Amended Complaint paragraph 15, 19). Consequently, Plaintiffs allegedly filed an administrative Due Process Hearing request, at which time, Howard Road Academy sent referral packets to District of Columbia Public Schools ("DCPS") and the State Education Agency ("SEA") requesting full time special education placement for S.S. (Amended Complaint paragraph 12). At the Due Process Hearing, hearing officer, Terry Michael Banks, denied the requested relief in a decision dated November 5, 2007. (Amended Complaint paragraphs 21, 28).

Subsequent to the Due Process Hearing, Plaintiffs' allegedly sent letters to Howard Road Academy and DCPS notifying them of their intention to unilaterally place S.S. in Accotink Academy, which is considered an appropriate placement for S.S. by Plaintiffs, and notifying them that reimbursement would be sought and direct funding for the school placement requested. (Amended Complaint paragraphs 27, 41). Accordingly to Plaintiffs' allegations, despite the Hearing Officer Determination ("HOD") that Plaintiffs failed to meet their burden of establishing that S.S. required a full time special education placement, DCPS promptly responded to Plaintiffs' letter that they were willing to fund a full time special education placement for S.S. and agreed to place and fund him at Accotink Academy. (Amended Complaint paragraphs 25, 42). Plaintiffs allege that on February 20, 2008, DCPS issued a Notice of Placement for Accotink Academy and arranged for transportation services. (Amended Complaint paragraph 42). S.S. allegedly began Accotink Academy on February 27, 2008 and remains a student there.

4

(Amended Complaint paragraph 43).[a] Thus the relief sought has been obtained. There is no allegation of any possibility that S.S. may be removed from Accotink Academy, nor is there any allegation that Plaintiffs have ever paid to have S.S. attend Accotink Academy. Furthermore, there is no allegation that Plaintiffs incurred any legal fees or other compensatory damages associated with the Due Process Hearing or the instant action.

The Plaintiffs' objective at the Due Process Hearing was for S.S. to be placed at Accotink Academy. Despite the HOD, S.S. was placed at Accotink Academy on February 27, 2008, and no further relief remains to be granted, Plaintiffs are appealing the decision of the Due Process Hearing.

### III.  Legal Argument

In reviewing the sufficiency of claims pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), a court must consider the facts presented in the pleading as true and construe them and all reasonable inferences in the light most favorable to the plaintiffs. *See* Scheuer v. Rhodes, 416 U.S.232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41-56-46 (1957)). However, the court need not consider inferences that are unsupported by the facts or legal conclusions framed as facts. *See* Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276, 305 U.S. App. D.C. 60 (D.C. Cir. 1994). Further, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to

---

[a] Plaintiff also requested an award of compensatory education to be funded by Howard Road Academy, however, Plaintiffs have not alleged any facts to support an award for compensatory education. Compensatory education is essentially the replacement of educational services the child should have received in the first place; it is an equitable remedy that "should aim to place disabled children in the same position they would have occupied but for the school district's violations of the IDEA." Reid ex rel. Reid v. District of Columbia, 401 F.3d 516, 523, 365 U.S. App. D.C. 234 (2005). In their Amended Complaint, Plaintiffs' do not make any allegation of educational services that S.S. is entitled to and which is not currently being provided at Accotink Academy.

5

relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-2965 (2007).

### A. Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted under Individuals with Disabilities Education Act of 2004

Plaintiffs allege that Howard Road Academy Public Charter School is a District of Columbia charter school, which has elected to be a Local Education Agency ("LEA Charter") for special education purposes. (Amended Complaint paragraph 7). Pursuant to the Code of D.C. Municipal Regulations, 5-3019.9, "When an LEA Charter concludes that it cannot serve a child with a disability enrolled in its facility using the funds available to it, it shall appeal to DCPS, in its role as designee for the State Education Agency (SEA), for assistance." The burden is on DCPS to provide such assistance. According to the Amended Complaint, on September 7, 2007, Defendants did just that by "[sending] a referral packet to DCPS, the State Education Agency ("SEA") requesting full time special education placement for S.S. DCPS did not respond to this referral or schedule an IEP meeting before the due process hearing. DCPS did not respond to this referral packet sent by [Howard Road Academy]." (Amended Complaint paragraph 12). Accordingly, based on the allegations in the Amended Complaint, Plaintiffs have failed to state a claim against Defendants for any breach or violation of the Individuals with Disabilities Education Act of 2004.

Moreover, Plaintiffs' Amended Complaint should be dismissed pursuant to the Federal Rules of Civil Procedure, Rule 19(a), because Plaintiffs' have failed to join DCPS as a party to this action. Due to the role and obligations of DCPS imposed by the IDEA, in the absence of DCPS, the court cannot accord complete relief among existing parties. According the Plaintiffs' Amended Complaint, S.S. is no longer a student of Howard Road Academy. (Amended

6

Complaint paragraph 43). S.S.'s education is at the direction of and is now being provided for by DCPS. The court uses a two-step inquiry to determine whether a party should be joined in an action. First, the district court must determine whether the party is "necessary" to the action under Rule 19(a). If the court determines that the party is "necessary," it must then determine whether the party is "indispensable" to the action under Rule 19(b). Nat'l Union Fire Ins. Co. v. Rite ex rel. S.C., 210 F.3d 246, 249, 2000 U.S. App. LEXIS 7061 (2000). In this case, DCPS is necessary to the action because complete relief cannot be provided without the joinder of DCPS, which is responsible for providing for the educational services S.S. allegedly requires. In order to determine whether a party is indispensable, the following four factors are considered: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. Schlumberger Indus. v. National Sur. Corp., 36 F.3d 1274, 1287, 1994 U.S. App. LEXIS 28069 (1994). In this case, a judgment rendered in the absence of DCPS would not be adequate because DCPS is now responsible for providing educational services to S.S. Accordingly, because DCPS is a necessary and indispensable party pursuant to Rule 19(a) and (b) of the Federal Rules of Civil Procedure, Plaintiffs' Amended Complaint must be dismissed.

Plaintiffs' Amended Complaint must also be dismissed for lack of standing and mootness. As the United States Supreme Court provided in City of Los Angeles v. Lyons, 103 S.Ct. 1660, 1665 (1983), "It goes without saying that those who seek to invoke the jurisdiction of

the federal courts must satisfy the threshold requirement imposed by Art. III of the Constitution by alleging an actual case or controversy." The doctrine of standing is an integral component of the case or controversy requirement. Three elements are necessary for standing: (1) the plaintiffs must allege that they have suffered an injury in fact, that is, "an actual or threatened injury that is not conjectural or hypothetical"; (2) the injury must be "fairly traceable to the challenged conduct"; and (3) it must be likely that the injury will be redressed by a favorable decision. Miller v. Brown, 462 F.3d 312, 2006 U.S. App. LEXIS 22234 (2006)(*citing* Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S. Ct. 2130 (1992).

The case or controversy requirement also underpins the doctrine of mootness. *See* Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167 (2000). In Etape v. Chertoff, 497 F.3d 379, 395, 2007 U.S. App. LEXIS 18348 (4th Cir. 2007), the United States Court of Appeals for the Fourth Circuit provided, A case is moot when circumstances change during litigation such that there is no longer any case or controversy as contemplated by the Constitution's Article III, Section 2." The Court also provided, "the standard for determining whether a case has been mooted by the defendant's voluntary conduct: 'A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur.'" Id. (*citing* Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. at 167, 189).

In this case, Plaintiffs have failed to allege an actual case or controversy because their claim is moot. The relief Plaintiff's sought to obtain through their claim has already been provided by DCPS. Namely, according to Plaintiffs' Amended Complaint, DCPS is funding S.S.'s placement at Accotink Academy, a school that Plaintiffs' consider to be an appropriate

8

placement for him, DCPS issued a Notice of Placement for Accotink Academy, and DCPS provides transportation services. (Amended Complaint paragraphs 42-43). Plaintiffs have failed to allege the legal fees, if any, which were incurred in litigating the due process hearing and the instant action, and Plaintiffs' have not made a request for money damages in their prayer for relief and money damages cannot be recovered under the IDEA. Furthermore, Plaintiffs have not alleged any facts that would suggest the alleged wrongful behavior of Howard Road Academy could reasonably be expected to recur because S.S. is no longer a student at Howard Road Academy and is no longer provided educational services by Howard Road Academy. Defendants no longer have the power or authority to direct or provide for the education of S.S. Accordingly, this Court has no effective relief to offer, and the controversy is no longer live and must be dismissed as moot. *See* Friedman's, Inc. v. Dunlap, 290 F.3d 191, 197, 2002 U.S. App. LEXIS 8909 (2002).

### B. Plaintiffs Have Failed to State a Claim for Which Relief Can be Granted under Section 1983

Plaintiffs' assertion of jurisdiction under 42 U.S.C. Section 1983, and Plaintiffs' seeming claims for relief under that statute, are plainly in error. 42 U.S.C. Section 1983 states:

> Every person, who under color of a statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proceedings or redress.

In any Section 1983 action the burden is on the plaintiffs to allege that the governing body implemented or executed a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers, and that official policy is responsible for a

9

deprivation of constitutional or statutory rights. See e.g., Monell v. Dep't of Social Services of the City of New York, 436 U.S. 658, 694 (1978); Daskalea v. District of Columbia, 27 F.3d 433, 441, 1994 U.S. App. LEXIS 15171 (D.C. Cir. 2000). In their complaint, Plaintiffs must allege "something beyond the mere possibility of loss causation...lest a plaintiff with 'a largely groundless claim' be allowed to 'take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.' So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.' Bell Atl. Corp. v. Twombly, 127 S. Ct. at 1966 (*Internal citations omitted*).

As a threshold matter, Section 1983 cannot apply here because the Amended Complaint is facially deficient to state a claim under Section 1983. In a 2001 decision, this Court adopted a four-part test setting forth the applicable standards for a finding of liability under Section 1983 based on an IDEA violation, which requires the plaintiff to show: (1) that defendant violated one or more specific provisions of the IDEA; (2) that exceptional circumstances exist, such that the conduct of defendant that caused the IDEA violations was persistently egregious and prevented or frustrated [plaintiffs] from securing equitable relief under the IDEA; (3) that the District of Columbia has a custom or practice that is the moving force behind the IDEA violations; and (4) that the normal remedies offered under the IDEA, including compensatory education, are inadequate to compensate for the harm suffered. Walker v. District of Columbia, 157 F. Supp. 2d 11, 30 (D.D.C. 2001) (citations omitted); *See also* Hinson v. Merritt Educ. Ctr., 521 F. Supp. 2d 22, 28 (D.D.C. 2007). Plaintiffs' Amended Complaint contains no allegations of any "exceptional circumstances," or of any District of Columbia "custom or practice" behind any of

10

the alleged IDEA violations, or any reason why the "normal remedies" under the IDEA would be inadequate.

In a 2003 decision, Judge Emmett Sullivan, while observing that "the threshold to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is quite low," nonetheless dismissed any claims under Section 1983 in the absence of complaint allegations relating to three of the four elements of a violation of the statute. Jackson v. District of Columbia, Civ. No. 02-0968 (D.D.C. September 21, 2003). Among other things, the Court observed that "[n]othing in plaintiffs Complaint, other than the invocation of Section 1983 itself, suggests a claim based upon any custom, policy statement, or procedure of the District of Columbia." Id. This Court again addressed this issue in Hinson v. Merritt Educ. Ctr., 521 F. Supp. 2d at 28, in which Judge Colleen Kollar-Kotelly dismissed plaintiffs' Section 1983 claim for failure to allege exceptional circumstances or demonstrate why the normal remedies offered under the IDEA were inadequate to compensate the plaintiff for the harm he allegedly suffered. Even more significantly, Judge Kollar-Kotelly notes, "Plaintiffs' complaint does not assert that Defendants' alleged violations of the IDEA are the result of any municipal policy or custom." Id. at 28-29.

In the case at bar, Plaintiffs' have likewise failed to allege exceptional circumstances or demonstrate why the normal remedies offered under the IDEA were inadequate to compensate the plaintiff for the harm he allegedly suffered. Plaintiffs' have also failed to allege that Defendants' alleged violations are the result of any municipal policy or custom. Accordingly, Plaintiffs' claim for a violation of 42 U.S.C. Section 1983 must be dismissed for failure to state a claim upon which relief can be granted.

**IV.     Conclusion**

11

Plaintiffs' claim for a violation of 42 U.S.C. Section 1400, *et. Seq.*, 5 DCMR 3000, *et. Seq.*, and the Rehabilitation Act of 1973 must be dismissed because Plaintiffs have failed to satisfy the threshold requirement of alleging an actual case or controversy and have failed to state a case upon which relief can be granted. Plaintiffs' claim for a violation of 42 U.S.C. section 1983 must also be dismissed because Plaintiffs' have failed to make allegations sufficient to establish a prima facie case.

For the above reasons, Defendants respectfully request this Honorable Court dismiss Plaintiffs' Amended Complaint with prejudice.

                    **HOWARD ROAD ACADEMY**
                    **And**
                    **LATONYA HENDERSON**
                    By Counsel

/s/ _____
Stephen A. Horvath, Esquire
Virginia State Bar No. 19133
*Counsel for Defendants Howard Road Academy*
*And Latonya Henderson*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:    (703) 385-1555
shorvath@vadctriallaw.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2008, I will electronically file the foregoing Memorandum of Points and Authorities in Support of Motion to Dismiss with the Clerk of Court electronically, which will then send a notification of such filing to the following:

Donna L. Wulkan, Esquire
D.C. Bar No. 370961
*Counsel for Plaintiffs*
1765 N Street, N.W.
Carriage House
Washington, D.C.  20036

/s/_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
*Counsel for Defendants Howard Road Academy and Latonya Henderson*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
shorvath@vadctriallaw.com

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

S.S., a Minor by his Mother and Next Friend,
TAMIKA SHANK

And

TAMIKA SHANK

    Plaintiffs,

v.   Case No. 08-214- ESH

HOWARD ROAD ACADEMY

And

LATONYA HENDERSON (officially
As Chief Administrative Officer
Howard Road Academy)

    Defendants.
_____/

## ORDER

Upon consideration of Defendants Howard Road Academy and Latonya Henderson's Motion to Dismiss, the Memorandum of Points and Authorities in Support Thereof, the parties' opposition and reply memoranda, and the entire record herein, and it appearing that the relief sought should be granted, it is hereby:

ORDERED that Defendants Howard Road Academy and Latonya Henderson's Motion to Dismiss is hereby GRANTED, and the Amended Complaint is DISMISSED with prejudice.

Entered this date of: _____

The Honorable Ellen S. Huvelle<br>
United States District Judge