UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **S.S.**, a minor by his mother and next friend )<br>**TAMIKA SHANK** )<br>)<br>and )<br>)<br>**TAMIKA SHANK** )<br>)<br>              Plaintiffs, )<br>)<br>       v. )<br>)<br>**HOWARD ROAD ACADEMY** )<br>)<br>and )<br>)<br>**LATONYA HENDERSON** (officially as )<br>C.A.O. Howard Road Academy) )<br>)<br>             Defendants. )<br>_____ ) | Civil Action No 1:08-cv-214 (ESH) |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

      Plaintiffs, S.S. and Tamika Shank, by counsel, herein oppose Defendant Howard Road Academy and Defendant LaTonya Henderson's Motion to Dismiss. Their arguments are set forth in the attached Memorandum of Points and Authorities.

                                                           Respectfully Submitted,

                                                             /s/ DonnaWulkan
                                                           Donna L. Wulkan
                                                            D.C. Bar No. 370961
                                                           1765 N Street, N.W.
                                                            Carriage House
                                                            Washington, D.C. 20036
                                                           (202) 682-3909
                                                          (202) 986-4670 (fax)
                                                          Attorney for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

**S.S.**, a minor by his mother and next friend )
**TAMIKA SHANK** )
)
and )
)
**TAMIKA SHANK** )
)
            Plaintiffs, )
)
      v. )    Civil Action No 1:08-cv-214 (ESH)
)
**HOWARD ROAD ACADEMY** )
)
and )
)
**LATONYA HENDERSON** (officially as )
C.A.O. Howard Road Academy) )
)
           Defendants. )
_____)

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Plaintiffs, S.S. and Tamika Shank, by counsel, respectfully submit this Memorandum of Points and Authorities in support of their Opposition to Defendants' Motion to Dismiss.

### I. Factual and Procedural Background

S.S. was a special education student at Howard Road Academy ("HRA") from the time he was in the fourth grade through the seventh grade. (Amended Complaint Paragraph 10). On August 17, 2007, while S.S. was a 6th grader at HRA, Tamika Shank, filed a due process

complaint[1] notice, requesting an administrative due process hearing. The due process complaint alleged that because of their actions and inactions while S.S. was a student at their school, HRA had denied S.S. a free appropriate public education ("FAPE") under the Individuals with Disabilities Education Act of 2004 ("IDEA") 20 U.S.C. § 1412 (a)(1). The factual and legal allegations contained in the due process complaint related to the period of time from August 2005 through August 2007, when the due process complaint notice was filed. The due process complaint clearly stated that as relief for the denial of FAPE the parent requested funding and placement for S.S. at a full time special education program as well as compensatory education.

On October 4, 2007 HRA filed a Motion to Dismiss as Moot the Placement Claim, or in the Alternative, Motion to Join DCPS. On October 10, 2008, Plaintiffs filed an Opposition to this Motion wherein they explained that DCPS was not a necessary party to the action because all of the claims in the hearing request were against HRA and that HRA alone was responsible for remedying any denial of FAPE. On October 15, 2007 DCPS filed a Motion to Dismiss Petitioner's Administrative Due Process Complaint; the gist of which was that DCPS should not be joined as a party to the hearing. On October 16, 2007 Plaintiffs filed an Opposition to DCPS' Motion to Dismiss arguing that DCPS did not have standing to make a Motion to Dismiss and that they were not a proper party to the action. On October 19, 2008 HRA filed a response to DCPS' pleading, again arguing that DCPS was a necessary party.

---

[1] A due process complaint is the pleading which initiates an administrative due process proceeding wherein a parent litigates whether or not the school system has denied their child his/her right to a free appropriate public education ("FAPE") under the IDEA. This is separate and distinct from the Complaint and Amended Complaint filed before this Court which initiated this proceeding, wherein the parent is challenging the Hearing Officer's Determination made after the administrative decision. To avoid confusion, the complaint which initiated the administrative proceeding will always be identified as the "due process complaint" and the pleadings which initiated this District Court proceeding will be identified as "Complaint" and "Amended Complaint".

The due process hearing was held on October 23, 2008. (Amended Complaint Paragraph 12). At the outset of the hearing HRA orally argued their Motion to Join DCPS. As set forth more fully on pages seven through ten herein, the Hearing Officer denied the Motion, ruling that all of the allegations in the due process complaint were against HRA alone and that DCPS was not a necessary party. (Amended Complaint Paragraph 14).

Plaintiff Tamika Shank presented thirty three exhibits and the live testimony of three witnesses. (Amended Complaint Paragraph 15). This evidence established that HRA had denied S.S. a FAPE, that he should have been receiving full time special education services, and that compensatory education was warranted.

The HOD was issued on November 5, 2007 and wrongly concluded that Plaintiff had not met her burden on any of the issues and dismissed the case with prejudice. (Amended Complaint Paragraphs 13 and 28). On January 31, 2008, Plaintiff filed the Complaint which initiated the instant case, along with an application to proceed in forma pauperis ("IFP"), appealing the HOD and seeking as relief: (1) declaratory judgment finding that the HOD is not appropriate as a matter of law and reversing the HOD, (2) declaratory judgment finding that S.S. requires a full time special education placement and a finding that Accotink Academy is an appropriate placement for S.S., (3) an order that HRA place and fund S.S. at Accotink Academy, (4) an award of compensatory education to be funded by HRA, (5) award attorneys fees and costs, and (6) such other relief as the Court deemed appropriate. The IFP was granted on February 6, 2008 but the Clerk's Office did not simultaneously issue the summons.

On February 20, 2008 DCPS issued a Notice of Placement ("NOP") for S.S. at Accotink Academy and he began the school shortly thereafter. The change in placement and the DCPS

funding for the placement were clearly in S.S.' best interests going forward, but have done nothing to alleviate HRA of their liability for the denial of FAPE in the past. Accordingly, on March 19, 2008 Plaintiffs filed an Amended Complaint which included the fact that DCPS had placed S.S. at Accotink and removed the request that HRA be ordered to fund the placement. However, the fact that the HOD was not supported by fact or law and that S.S. was denied a FAPE by HRA remains to be litigated. In the Amended Complaint Plaintiffs seek as relief: (1) declaratory judgment that the Hearing Officer was wrong and that Defendants' violated Plaintiffs' rights under applicable law, (2) declaratory judgment reversing the HOD and finding that S.S. requires a full time special education placement for students with learning disabilities, that HRA was an inappropriate placement and that S.S. did not receive a FAPE at HRA, (3) award S.S. compensatory education to be funded by HRA, (4) award attorneys' fees for the administrative due process hearing and the instant action and (5) such other relief as the Court deems appropriate.

II.     **Legal Argument**

In evaluating a 12(b)(6) motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and must accept as true all reasonable factual inferences drawn from well-pleaded factual allegations. Hinson v. Merritt Educational Center, et al., 521 F. Supp. 2d 22, 27 (D.D.C. 2007).; In re United Mine Workers of Am. Employee Benefit Plans Litig., 854 F. Supp. 914, 915 (D.D.C. 1994).

Plaintiffs have stated a claim for which relief can be granted because the evidence presented at the administrative hearing establishes that HRA denied S.S. a FAPE and that he requires a full time special education placement and compensatory education. Regardless of the

fact that HRA tried to make a referral to DCPS and DCPS' subsequent actions and involvement, HRA remains responsible for remedying the denial of FAPE.

      A.    *HRA Denied S.S. a FAPE Under the IDEA*

In support of their argument that Plaintiffs have failed to state a claim upon which relief can be granted, Defendants focus on one statement from the Amended Complaint relating to HRA's referral packet to DCPS. In their Amended Complain, Plaintiffs explained that an LEA charter can (if done properly and timely) refer to DCPS in their role as SEA. Plaintiffs informed the Court that HRA had sent a referral packet to DCPS, but that DCPS did not respond. In their Motion to Dismiss the Defendants choose to rely exclusively on this *one* statement in the Amended Complaint, and ignore all other allegations in the nine page document. They somehow then conclude that Plaintiffs' one and only claim is that DCPS did not respond to the referral packet and that accordingly "Plaintiffs have failed to state a claim against Defendants for any breach of violation of the Individuals with Disabilities Education Act of 2004." Motion at 6.

This argument flies in the face of reason; the case at bar is an appeal of a hearing officer's determination wherein the hearing officer adjudicated whether or not HRA had denied S.S. the rights to which he is entitled under the IDEA. The period addressed and that administrative hearing and in the HOD was from August 2005 to August 2007. Plaintiffs contend that they presented enough documentary and testimonial evidence to establish that HRA denied S.S. a FAPE and that he requires a full time special education placement. Despite this, the Hearing Officer found that Plaintiffs had not met their burden. By appealing the HOD to this Court, Plaintiffs are given the opportunity to establish that the HOD should be overturned and that there is ample evidence to support a finding that HRA denied S.S. a FAPE and that he

requires a full time special education placement. As explained below, the issue of HRA's referral to DCPS does not alleviate HRA of their legal obligations.

B.   *Referral to DCPS Does Not Alleviate HRA from Legal Responsibility*

While it is true that an LEA charter can appeal to DCPS in their role as SEA,[2] in this case the referral was neither timely nor properly made and does not alleviate HRA of their liability. A referral relieves a school from *future* liability only if the requirements of 5 DCMR 3019.9 and 5 DCMR 3019.11 are met. Clearly it would be against the letter and spirit of the IDEA to interpret the provision to mean that once a referral is made the LEA charter which denied a FAPE cannot ever be held legally responsible for what happened while the student was at the charter school.

C.   *DCPS is not a necessary party*

Defendants' improperly assert that Plaintiffs Complaint should be dismissed pursuant to Federal Rule of Civil Procedure Rule 19(a) because DCPS was not a named party. Rule 19(a) requires a party to be joined if

> (A) in that person's absence, the court cannot accord complete relief among the existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
>
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or

---

[2]5 DCMR 3019.9 provides that "When an LEA Charter concludes that it cannot serve a child with a disability enrolled in its facility using the funds available to it, it shall notify DCPS, in its role as designee for the State Education Agency (SEA) for assistance.

5 DCMR 3019.11 provides that following this appeal or notification, if DCPS as the SEA "agrees that a charter school cannot serve the child in question, DCPS will assume responsibility for the child.

> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

DCPS is not a necessary party to this action because the court can accord S.S. complete relief from Defendant HRA. The fact that DCPS is now responsible for providing this child with educational services, does not make them a necessary party for providing relief for prior denials of FAPE. HRA alone is responsible for remedying the denial of FAPE they caused. The relief that Plaintiffs seek from HRA (reversal of the HOD, declaratory judgments, funding for compensatory education and attorneys' fees) can be implemented by HRA alone. Since the Complaint in this case originally requested funding for Accotink, after DCPS began funding S.S.' placement at Accotink Academy, Plaintiffs filed an Amended Complaint which dropped this portion of the relief sought. Moreover, DCPS is not claiming an interest in the action, to the contrary, DCPS's position has always been that they are not a party to any litigation regarding S.S.' education at HRA.

As set forth above, review of the administrative record in this case reveals that HRA already tried to join DCPS at the administrative level, but the hearing officer denied the request, determining that DCPS was not a party to the action. Before the due process hearing was held, on October 4, 2007, HRA made a Motion to Join DCPS on the grounds that they had made a referral to DCPS in their role as SEA and that this referral alleviated their liability and made DCPS a necessary party. The parent opposed this Motion, explaining that the due process complaint contained no allegations against DCPS as the SEA. DCPS filed a Motion to Dismiss,[3]

---

[3] DCPS filed a Motion to Dismiss even though they were not named as a Defendant in Tamika Shank's hearing request. The essence of this Motion was an opposition to HRA's Motion to Join DCPS.

asserting that they were not a party to the administrative proceeding because HRA did not make the referral to them until after the due process complaint was filed.

At the due process hearing, the DCPS attorney orally argued why they should not be a party to the case. As argued by the parent, DCPS pointed to the fact that the due process complaint did not contain a single allegation against DCPS. Moreover, DCPS stated there was no evidence that the referral was made on September 7, 2007. Even if the referral had been made, it is unlikely that DCPS was able to review the appeal, agree that HRA could not serve S.S. and assume responsibility for him because DCPS did not even create an SEA which could accept referrals until October 1, 2008.

The Hearing Officer then denied HRA's Motion to Join DCPS and properly ruled that DCPS was not a party to the administrative proceeding. He reasoned that HRA's referral to DCPS did not alleviate them from liability because the issue before him, as outlined in the due process complaint, was whether HRA had denied a FAPE up to the time that the hearing request was filed (August 17, 2007). Making a referral to DCPS after the due process complaint was filed did not put DCPS on notice that HRA had decided that they could not provide services. Also, the referral was not properly made because the law requires the referring LEA to conclude that they cannot serve a child before referring them to the SEA(HRA). In this case, HRA never stated that they could not serve S.S; this was one of the main reasons that the Hearing Officer denied HRA's Motion to Join DCPS. Should Defendants wish to now challenge this ruling, they must file a counter claim, appealing this portion of the HOD.

For the same reasons that they were not a necessary party to the administrative proceeding, DCPS is not a necessary party to the appeal of the HOD before this Court. Neither

the legal and factual issues addressed in the HOD, nor the relief sought, require DCPS involvement. The issue at hand is whether the HOD should be overturned or upheld. The matters addressed in the HOD all relate to allegations squarely against HRA. Not a single allegation was made against DCPS.

Should this Court find that Plaintiffs meet their burden, DCPS does not need to be a party to assure that S.S. gets relief. LEA Charters are responsible for the provision of FAPE and if there is a denial, assuring the implementation of all HODs. 5 DCMR 3019.13. In this appeal Plaintiffs are challenging the finding in the HOD that there was no denial of FAPE by HRA and that S.S. does not require a full time special education placement. As relief Plaintiffs are seeking declaratory judgments, compensatory education, attorneys' fees for the administrative due process hearing and the instant action and such other relief as the Court deems appropriate. The only party responsible for remedying the denial of FAPE is HRA. As properly decided by the Hearing Officer below, DCPS cannot and should not be ordered to remedy a denial of FAPE caused by HRA. The fact that DCPS has, and continues to, fund S.S. at Accotink Academy does not alleviate HRA's obligation to remedy the denial of FAPE caused by HRA's actions while S.S. was a student there.

Finally, if for some reason the Court does ultimately decide that DCPS is a necessary party to the action, it would not be proper to dismiss the case. Rule 19(a)(2) provides that if "a person has not been joined as required, the court must order that the person be made a party." So, if the Court should decide that DCPS is necessary to this action, the Court could order Plaintiffs to join DCPS.

D.     *Plaintiffs' Claims are Not Moot*

Plaintiffs' claims are not moot. Defendants assert that Plaintiffs claims are moot because the "relief Plaintiff's sought to obtain through their claim has already been provided by DCPS. Namely … DCPS is funding S.S.'s placement at Accotink Academy." Motion at 8. This argument is flawed because the fact that DCPS is paying for S.S.'s placement at Accotink Academy neither settles the legal issues at hand, nor provides all of the relief sought. The Plaintiffs have filed the instant appeal of the HOD to challenge the administrative hearing officer's finding that HRA did not deny S.S. a FAPE for the two year period of time that he was a student there. The fact that months later he is in an appropriate school placement does not relieve HRA of their liability.

Plaintiffs' claims are not mooted by DCPS' funding of Accotink because this does not provide Plaintiff with all of the relief they sought in their due process complaint or that they now seek in their Amended Complaint. At the administrative level Tamika Shank sought funding and placement at an appropriate school and compensatory education. As recited above at page five, in their Amended Complaint Plaintiffs seek as relief reversal of the HOD, declaratory judgments, compensatory education, legal fees and such other relief as the court deems proper.

Plaintiffs' claims are not moot because S.S.' entitlement to compensatory education remains a live controversy. Both the due process complaint and the Amended Complaint seek compensatory education for the denial of FAPE. It would be improper to dismiss the case because Plaintiffs have not yet litigated the issue of S.S.'s entitlement to compensatory education. Therefore the issue of compensatory education remains alive. This position is supported by cases before the United States Court of Appeals for the District of Columbia and the United States District Court for the District of Columbia.

In <u>Lesesne v. District of Columbia, ed at.</u>, 447 F.3d 828 (D.C. Cir. 2006), the District of Columbia Court of Appeals reversed the District Court's grant of summary judgment of an IDEA case on the basis of mootness because although the student had secured some of the relief sought in the due process complaint, the parent had expressly sought compensatory education so there remained a live controversy. In <u>Flores v. District of Columbia</u>, 437 F. Supp. 2d 22 (D.D.C. 2006) Plaintiffs brought an injunction under the IDEA to get DCPS to comply with a Hearing Officer's Determination. As relief the parent sought funding for independent evaluations, an order that the school hold a meeting to review the evaluations and revise the student's IEP and compensatory education. After the Complaint was filed the parties reached agreement on the evaluations and they were performed and the meeting held and IEP reviewed. DCPS then moved to dismiss the case on the grounds that it was moot because all of the relief sought had been obtained. The Court, relying on the <u>Lesesne</u> decision, denied the Motion, reasoning that "the defendant has yet to provide at least one form of relief specifically requested by the plaintiff in her complaint - a compensatory education plan." <u>Id.</u> at 24.

In their Motion to Dismiss Defendants' themselves acknowledge that Plaintiffs have sought an award of compensatory education. Motion to Dismiss at 5, FN a. Plaintiffs presented ample factual evidence at the administrative hearing to warrant a finding that S.S. was denied a FAPE and about what compensatory education services would benefit him. Despite the clear claim for compensatory education in the due process complaint and the presentation of evidence on the issue, the Hearing Officer did not make any findings in the HOD about compensatory education. The appeal before this Court provides Plaintiffs the opportunity to reopen the issue by challenging the hearing officer's failure to rule on the compensatory education and

establishing that record evidence proves that HRA denied S.S. a FAPE and that to remedy this denial he should receive compensatory education.

Throughout their Motion, Defendants mischaracterize the true purpose of compensatory education. They claim that "Plaintiffs' do not make any allegation of educational services that S.S. is entitled to and which is (*sic*) not currently being provided at Accotink Academy." Motion at 5 FN a. The whole point of compensatory education is to remedy a **prior** denial of FAPE; neither the passage of time, nor a change in educational placement relieve an LEA of their ongoing obligation to provide compensatory education to remedy a prior denial of FAPE that they caused. The entitlement to compensatory education is not resolved until it has been implemented.

Judge Walton has aptly summarized the issue in the Flores case, wherein he stated:

> The Court's power to grant compensatory education for IDEA violations is undisputed. Where a person brings an action alleging a violation of the IDEA, the Court is empowered to 'grant such relief as [it] determines is appropriate.' 20 U.S.C. 1415(i)(2)(C)(iii). Federal courts have interpreted appropriate relief to include compensatory education as an equitable remedy to be granted upon finding that a child has been denied FAPE under the Act. Diatta v. District of Columbia, 319 F. Supp. 2d 57, 64 (D.D.C. 2004). **Under the theory of compensatory education, courts and hearing officers may award educational services ... to be provided prospectively to compensate for a past deficient program.**

Flores, 437 F. Supp. 2d at 30 (emphasis added).

At S.S.'s administrative due process hearing, Plaintiffs alleged that HRA had denied him a FAPE by their actions and inactions from August 2005 to August 2007. They produced ample documentary and testimonial evidence in support of these allegations. The Hearing Officer

wrongly found that Plaintiffs had not established the denial of FAPE, so Plaintiffs appealed the HOD by filing their Amended Complaint before this Court. Whether or not there are "educational services that S.S. is entitled to and which is [are] currently being provided at Accotink Academy" is totally irrelevant. The issue before this Court is whether or not the HOs findings with regard to HRAs provision of services from August 2005 to August 2007 are supported by facts and law.

Additionally, Plaintiffs claims are not mooted by the fact that DCPS is funding S.S.' placement at Accotink Academy because the Amended Complaint also seeks attorneys' fees for the due process hearing and the instant action. The fact that "Plaintiffs have failed to allege the legal fees, if any, which were incurred in litigating the due process hearing and the instant action" (Defendants' Motion to Dismiss at 9) is not fatal. The attorneys' fees relating to the due process hearing were not alleged specifically because the Plaintiffs did not prevail on the administrative level, but this amount can be readily supplied to the Court. Plaintiffs are clearly unable to allege the exact attorneys' fees relating to the instant action because that proceeding is still underway.

For the forging reasons, Plaintiffs respectfully request that this Court deny Defendants' Motion to Dismiss.

                                                     Respectfully Submitted,

                                                     ____/s/ DonnaWulkan____
                                                   Donna L. Wulkan
                                                   D.C. Bar No. 370961
                                                   1765 N Street, N.W.
                                                   Carriage House
                                                   Washington, D.C. 20036
                                                   (202) 682-3909
                                                   (202) 986-4670 (fax)

Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 9th day of June 2008, I electronically filed the forgoing Plaintiffs' Opposition to Defendants' Motion to Dismiss, along with the accompanying Memorandum of Points and Authorities and Proposed Order, via the ECF system. The ECF system will send notification of this filing, via email, to the following:

Stephen A. Horvath, Esquire
shorvath@vadctriallaw.com

                                    Respectfully Submitted,

                                    /s/ DonnaWulkan
                                  Donna L. Wulkan
                                  D.C. Bar No. 370961
                                  1765 N Street, N.W.
                                  Carriage House
                                  Washington, D.C. 20036
                                  (202) 682-3909
                                  (202) 986-4670 (fax)
                                  Attorney for Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **S.S.**, a minor by his mother and next friend )<br>**TAMIKA SHANK** )<br>)<br>and )<br>)<br>**TAMIKA SHANK** )<br>)<br>        Plaintiffs, )<br>)<br>    v. )<br>)<br>**HOWARD ROAD ACADEMY** )<br>)<br>and )<br>)<br>**LATONYA HENDERSON** (officially as )<br>C.A.O. Howard Road Academy) )<br>)<br>        Defendants. )<br>_____) | Civil Action No 1:08-cv-214 (ESH) |

## ORDER

Upon consideration of Defendants' Motion to Dismiss, Plaintiffs' Opposition to Defendants' Motion to Dismiss, any Reply thereto, the entire record herein, it is this _____ day of _____, 2008 hereby:

**ORDERED** that Defendants' Motion to Dismiss is **DENIED**.

                                                                                                                                                              _____
                                                                                                                                                            The Honorable Ellen S. Huvelle
                                                                                                                                                            United States District Court Judge