UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

S.S., a Minor by his Mother and Next Friend,
TAMIKA SHANK

And

TAMIKA SHANK

    Plaintiffs,

v.                                      Case No. 08-214- ESH

HOWARD ROAD ACADEMY

And

LATONYA HENDERSON (officially
As Chief Administrative Officer
Howard Road Academy)

    Defendants.
_____/

### REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

COMES NOW the Defendants Howard Road Academy and LaTonya Henderson, officially as Chief Administrative Officer of Howard Road Academy, by counsel, in response to Plaintiffs' Opposition to Defendants' Motion to Dismiss.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the defendant may move for a dismissal of a cause of action for failure to state a claim upon which relief can be granted. In reviewing a motion to dismiss, courts may only consider the allegations in the complaint, as well as documents incorporated into the complaint by reference, and matters of which a court may take judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct.

2499, 2509 (2007). In this case, Plaintiffs have failed to allege sufficient facts and have not incorporated any documents or other evidence into their Amended Complaint to support their claims. Plaintiffs have added "facts" not in the record to the Opposition to Defendants' Motion to Dismiss. This Court should disregard assertions in Plaintiffs' Opposition to Defendants' Motion to Dismiss, which have not been made a part of the record. *See* Henthorn v. Dep't of Navy, 308 U.S. App. D.C. 36, 29 F.3d 682, 688 (D.C. Cir. 1994); EEOC v. St. Francis Xavier Parochial Sch., 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997).

In response to Defendants' Motion to Dismiss, Plaintiffs make various assertions with regard to factual and legal allegations contained in the due process complaint and facts surrounding the dismissal of District of Columbia Public Schools ("DCPS") as a necessary party to the due process hearing, none of which are alleged in the Amended Complaint or attached as exhibits thereto. Because Plaintiffs have not presented these allegations in their Amended Complaint, they must be disregarded for purposes of considering Defendants' Motion to Dismiss. *See* Henthorn v. Dep't of Navy, 308 U.S. App. D.C. 36, 29 F.3d 682, 688 (D.C. Cir. 1994); EEOC v. St. Francis Xavier Parochial Sch., 326 U.S. App. D.C. 67, 117 F.3d 621, 624 (D.C. Cir. 1997).

In their Opposition, Plaintiffs repeatedly assert the S.S. was denied a Free Appropriate Public Education ("FAPE") at Howard Road Academy and make the blanket assertion that S.S. is entitled to compensatory education. Plaintiffs have failed to allege, however, that compensatory education is necessary in light of the fact that S.S. has been transferred to Accotink Academy, an educational institution that is an appropriate placement by Plaintiffs' own admission. Amended Complaint paragraph 27. Plaintiffs have also failed to allege that, as a

2

result of Howard Road Academy's alleged failure to provide a FAPE, S.S. needs compensatory education. Plaintiffs bare conclusion that S.S. is entitled to compensatory education, without more, is insufficient to state a claim. Furthermore, with regard to attorney fees, Plaintiffs have failed to allege that attorney fees have been incurred in litigating either the due process hearing or the instant action. Accordingly, Plaintiffs have failed to provide grounds for their entitlement to compensatory education and attorney fees. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the bases of his entitlement to relief requires more than labels and conclusions. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (Internal citations omitted).

> "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant "set out in detail the facts upon which he bases his claim," Rule 8(a)(2) still requires a "showing," rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.

Id. at 1965 n.3 (Internal citations omitted).

> [S]omething beyond the mere possibility of loss causation must be alleged, lest a plaintiff with "a largely groundless claim" be allowed to "take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."

Id. at 1966 (Internal citations omitted). In short, to survive a Rule 12(b)(6) motion to dismiss, a complaint must set forth facts sufficient to show the grounds upon which the plaintiff is entitled to relief from the defendant. *See,* id.

In Plaintiffs' Relief Requested of their Amended Complaint, Plaintiffs' specifically "...pray that this Court: enter declaratory judgment...finding that S.S. requires a full time special

3

education placement for students with learning disabilities…[and] award S.S. compensatory education…" Amended Complaint, Relief Requested paragraphs 2-3. Plaintiffs' have also alleged that between the time of the due process hearing and the instant lawsuit, DCPS has intervened and taken over the education of S.S. by placing him at Accotink Academy and providing funding and transportation for his placement at Accotink Academy. Amended Complaint paragraphs 42-43. Howard Road Academy no longer has authority to direct, control, or provide for the educational services rendered to S.S. (Code of D.C. Municipal Regulations, 5-3019.9, 3019.11). Therefore any ruling regarding the future educational rights of S.S. would necessarily require DCPS to be joined as a party in this case. This Court cannot accord complete relief among the existing parties, in the absence of DCPS. Accordingly, Plaintiffs' Amended Complaint must be dismissed for failure to join a necessary party pursuant to Rule 19(a) of the Federal Rules of Civil Procedure.

Furthermore, because DCPS has intervened to take over the control and direction of S.S.' education, Howard Road Academy no longer has the authority to provide S.S. with an individualized educational program ("IEP") or a compensatory education, or to determine whether S.S. may remain at Accotink Academy and provide funding or transportation. As cited in Defendants' Motion to Dismiss, "A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 189 (2000). In this case, the intervention of DCPS is the subsequent event, which makes it absolutely clear that that the allegedly wrongful behavior, i.e. the denial of a FAPE by Howard Road Academy, could not reasonably be expected to recur. Accordingly, the determination of the hearing officer at the due

4

process hearing and Plaintiffs' claims in the case at bar are moot. Whether the hearing officer's determination was supported by fact or law and whether S.S. was denied a FAPE by Howard Road Academy are irrelevant and litigating these moot issues would waste the time and resources of this Court and all others involved.

In their Opposition, Plaintiffs' argue that Defendants' Motion to Dismiss should be denied based on two decisions, which essentially provide that a live controversy remains where a request for compensatory education has been made. Plaintiffs' argument is fatally flawed, however, because in both cases cited by Plaintiffs, Lesesne v. District of Columbia, 371 U.S. App. D.C. 53, 447 F.3d 828 (D.C. Cir. 2006) and Flores v. District of Columbia, 437 F. Supp. 2d 22; 2006 U.S. Dist. LEXIS 39327 (2006), the Court held that, *as to DCPS*, a live controversy remained as to whether the student required compensatory education. In this case, Plaintiffs have not alleged that compensatory education is necessary. Even if compensatory education were warranted, it would be under the direction and control of DCPS, not Howard Road Academy. For that reason, in addition to those already asserted, Plaintiffs' claims are moot as to Howard Road Academy.

In their Opposition, Plaintiffs' do not dispute that their claim for a violation of 42 U.S.C. Section 1983 should be dismissed for failure to state a claim upon which relief can be granted. Accordingly, this Court should dismiss Plaintiffs' claim for a violation of 42 U.S.C. Section 1983 with prejudice.

                                      HOWARD ROAD ACADEMY
                                      And
                                      LATONYA HENDERSON
                                      By Counsel

TRICHILO, BANCROFT, McGAVIN, HORVATH & JUDKINS, P.C.
3920 UNIVERSITY DRIVE • FAIRFAX, VIRGINIA 22030 • (703) 385-1000 • FAX (703) 385-1555

/s/
_____
Stephen A. Horvath, Esquire
Virginia State Bar No. 19133
*Counsel for Defendants Howard Road Academy*
*And Latonya Henderson*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
shorvath@vadctriallaw.com

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2008, I will electronically file the foregoing Reply to Plaintiffs' Opposition to Defendants' Motion to Dismiss with the Clerk of Court electronically, which will then send a notification of such filing to the following:

Donna L. Wulkan, Esquire
D.C. Bar No. 370961
*Counsel for Plaintiffs*
1765 N Street, N.W.
Carriage House
Washington, D.C. 20036

/s/_____
Stephen A. Horvath, Esquire
D.C. Bar No. 417137
*Counsel for Defendants Howard Road Academy and Latonya Henderson*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia 22030
Telephone:   (703) 385-1000
Facsimile:   (703) 385-1555
shorvath@vadctriallaw.com