**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| S.S., a minor, by his mother and next friend, **TAMIKA SHANK,** and **TAMIKA SHANK,** Plaintiffs, v. **HOWARD ROAD ACADEMY,** and **LATONYA HENDERSON,** Defendants. | Civil Action No. 08-214 (ESH) |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Tamika Shank, on behalf of her minor son S.S. and in her own right, brings this action pursuant to the Individuals with Disabilities Education Improvement Act of 2004 ("IDEIA")[1] and 42 U.S.C. § 1983, alleging that defendants failed to provide S.S. with a Free Appropriate Public Education ("FAPE") while he was enrolled at Howard Road Academy ("HRA"). Defendants have moved to dismiss the complaint. For the reasons stated herein, this

---

[1] In addition to the IDEIA, plaintiffs and defendants also refer to the Individuals with Disabilities Education Act ("IDEA"), which was amended by the IDEIA with an effective dates of July 1, 2005. *See* Individuals with Disabilities Education Improvement Act of 2004, Pub. L. No. 108-446, § 301, 118 Stat. 2647, 2803 (2004). Because the events of this case occurred after the act was amended, the IDEIA is the appropriate statutory framework. *See T.T. v. District of Columbia*, 2007 WL 2111032, at *1 n. 1 (D.D.C. July 23, 2007).

motion will be granted in part and denied in part.

I.      **FACTUAL AND PROCEDURAL BACKGROUND**

S.S. is a thirteen year-old seventh grader who has been diagnosed with a language-based learning disorder and a reading disorder. (Am. Compl. ¶ 9.) His academic functioning is between the second and fourth grades. (*Id.*) S.S. attended HRA from fourth grade through the first half of seventh grade and was retained one time. (*Id.* ¶ 9.) HRA is a District of Columbia charter school which has elected to be its own Local Education Agency ("LEA") under the IDEIA for special education purposes. (*Id.* ¶ 7.)

An Individualized Education Plan was developed for S.S. in February 2007, which classified him as a student with a learning disability and provided that he was to receive 17 hours per week of specialized instruction, one hour a week of speech and language therapy, and one hour per week of counseling. (*Id.* ¶ 11.) On August 17, 2007, Tamika Shank filed a due process complaint requesting an administrative due process hearing. (Pls.' Opp'n 2-3.) The due process complaint alleged that HRA had denied S.S. a FAPE under the IDEA and requested funding and placement for S.S. at a full time special education program, as well as compensatory education. (*Id.*) On September 7, 2007, HRA sent a referral packet to the District of Columbia Public Schools ("DCPS") requesting a full time special education placement for S.S. (Am. Compl. ¶ 12.) DCPS did not respond to this referral or schedule an IEP meeting before the due process hearing. (*Id.*)

A due process hearing was conducted on October 23, 2007 before Hearing Officer ("HO") Terry Michael Banks. (*Id.* ¶ 13.) The HO denied HRA's motion to join DCPS as a party to the hearing, holding that DCPS was not a necessary party as there were no allegations against

DCPS. (*Id.* ¶ 14.) On November 5, 2007, the HO issued his determination ("HOD") holding that plaintiffs had failed to meet their burden of proof on any of the issues presented and dismissing their case without prejudice. (*Id.* 28.)

On February 15, 2008, Tamika Shank sent letters to HRA and DCPS notifying them that she planned to place S.S. at Accotink Academy and to seek reimbursement and funding for school placement. (*Id.* ¶ 41.) DCPS responded that they were willing to fund full time special education for S.S. and agreed to place him at Accotink. (*Id.* ¶ 42.) On February 20, 2008, DCPS issued a Notice of Placement for Accotink Academy and S.S. began attending school there on February 27, 2008. (*Id.* ¶¶ 42-43.)

Plaintiffs have now brought suit under the IDEIA and 42 U.S.C. § 1983, alleging that defendants failed to provide S.S. with a FAPE and denied him his federal statutory rights under color of law. (*Id.* ¶¶ 48, 51.) They request that this Court enter a declaratory judgment overturning the HO's decision and finding that S.S. requires a full time special education placement; that it award S.S. compensatory education to be funded by HRA; and that it award attorneys' fees and costs for the administrative due process hearing and the instant action. Defendants have moved to dismiss the complaint. They argue that plaintiffs have failed to state a claim for relief under the IDEIA or § 1983 and that plaintiffs' case is now moot, given S.S.'s placement at Accotink. (Defs.' Mot. 6-10.) They further argue that plaintiffs' complaint should be dismissed because plaintiffs have failed to join DCPS in this action. (*Id.* 6-7.)

## II.   ANALYSIS

### A.   Legal Standard

A complaint must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil

3

Procedure for failure to state a claim upon which relief can be granted if it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). At this stage, all reasonable factual inferences must be construed in plaintiff's favor, and all allegations in the complaint are presumed true. *Maljack Prods., Inc. v. Motion Picture Ass'n of Am., Inc.*, 52 F.3d 373, 375 (D.C. Cir. 1995). "However, the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Kowal v. MCI Comm'cns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 2004). To survive a motion to dismiss, the factual allegations of the plaintiff "must be enough to raise a relief above the speculative level." *Bell Atl.*, 127 S.Ct. At 1965.

> **B.    Plaintiffs Have Stated A Claim For Relief Under The IDEIA**

Defendants first argue that plaintiffs have failed to state a claim for relief under the IDEIA. (Defs.' Mot. 6.) Defendants contend that as an LEA, they fulfilled their obligation under the IDEIA by sending a referral packet to DCPS requesting a full time educational placement for S.S. *See* D.C.M.R. 5-3019.9 ("When an LEA Charter concludes that it cannot serve a child with a disability enrolled in its facility using the funds available to it, it shall appeal to DCPS, in its role as designee for the State Education Agency (SEA), for assistance.") Because they fulfilled this obligation, defendants maintain, plaintiffs' IDEIA claim must be dismissed.

This argument is meritless. Defendants' assertion that they have a defense against liability does not mean that plaintiffs have failed to state a claim upon which relief may be granted. Moreover, plaintiffs' allegations are far broader than defendants acknowledge.

Plaintiffs claim that defendants failed to provide S.S. with a FAPE between August 2005 and August 2007. Even if defendants were correct that their responsibility to provide S.S. with a FAPE terminated with their referral request, that would not necessarily alleviate them of their responsibility for his education for the previous two years. Defendants' motion to dismiss will be denied with respect to plaintiffs' IDEIA claim.[2]

C. **Plaintiffs' Suit Is Not Moot**

Defendants next argue that plaintiffs' suit is moot, since S.S. is now receiving full time special education at Accotink Academy. (Defs.' Mot. 7-9.) Defendants acknowledge, however, that in addition to funding and placement at an appropriate school, plaintiffs' complaint requests compensatory education to remedy the alleged denial of FAPE for the two years S.S. was enrolled at HRA. (*Id.* 5 n. a.) "A compensatory education award is an equitable remedy that 'should aim to place disabled children in the same position they would have occupied but for the school district's violation of the IDEA.'" *McLeod Bethune Day Academy Public Charter School v. Bland*, -- F.Supp.2d -- , 2008 WL 2170594, at * 2 (D.D.C. 2008) (quoting *Reid v. D.C.*, 401 F.3d 516, 518 (D.C. Cir. 2005)). This request for equitable relief to remedy past harm was not resolved by DCPS's decision to fund S.S.'s placement at Accotink Academy and therefore presents this Court with a live controversy to resolve. *See, e.g.*, *Lesesne v. District of Columbia*,

---

[2] Defendants have also moved to dismiss plaintiffs' § 1983 claim and plaintiffs' have not addressed this argument. The Court will therefore treat this argument as conceded. *See Hopkins v. Women's Div., General Bd. of Global Ministries*, 238 F.Supp.2d 174, 178 (D.D.C. 2002) (citing *FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) ("It is well understood in this Circuit that when a plaintiff files an opposition to a motion to dismiss addressing only certain arguments raised by a defendant, a court may treat those arguments that the plaintiff failed to address as conceded.")). *See also Day v. D.C. Dep't of Consumer & Regulatory Affairs*, 191 F.Supp.2d 154, 159 (D.D.C. 2002) ("If a party fails to counter an argument that the opposing party makes in a motion, the court may treat that argument as conceded.").

447 F.3d 828, 833 (D.C. Cir. 2006).[3]

### D. DCPS Is Not A Necessary Party

Finally, defendants argue that this case must be dismissed pursuant to Rule 19(a) because DCPS is not a party to the suit. (Defs.' Mot. 6-7.) This argument was rejected by the HO who found that plaintiffs had brought no claims against DCPS. However, defendants contend that because S.S. is now enrolled at Accotink Academy, any compensatory education plan would necessarily have to include DCPS. (Defs.' Reply 4-5.) The Court disagrees.

All that is presently at stake in this litigation is whether S.S. was denied a FAPE while at HRA and if so, whether he would benefit from compensatory education to remedy that past harm. Given that the claim of liability is only against HRA, the Court may review the HO's determination that S.S. was not denied a FAPE without the participation of DCPS.[4] Morever,

---

[3] Defendants also argue that plaintiffs' factual allegations in the complaint are insufficient to support a claim for compensatory education. (Defs.' Reply 2-3.) However, even if the Court were to address this argument on the merits, it would fail. Compensatory education is a remedy that may be awarded "prospectively to compensate for a past deficient program." *Reid*, 401 F.3d at 522. Plaintiffs' complaint alleges that S.S. was denied a FAPE for the two years he was enrolled at HRA and includes detailed factual allegations to support this claim. They allege that S.S. failed to make academic progress as a result of the deficiency in his education. Were the Court to conclude that the HO erred in his determination that S.S. was not denied a FAPE, the question would then become whether the deficiencies in his education could be remedied by compensatory education. *See Thomas v. District of Columbia*, 407 F.Supp.2d 102, 115 (D.D.C. 2005) (explaining that compensatory education is not required if the student would not benefit from additional services). However, at this stage of the litigation, plaintiffs have more than met their burden of pleading facts sufficient to support a claim for relief under the IDEIA.

[4] In several recent cases decided by members of this Court, the District has been dismissed as a party to suits under the IDEA or IDEIA, where the denial of FAPE is alleged to have occurred at an LEA charter school. *See Friendship Edison Public Charter School Chamberlain Campus v. Smith*, 429 F.Supp.2d 195 (D.D.C. 2006); *Hyde Leadership Public Charter School v. Clark*, 424 F.Supp.2d 58 (D.D.C. 2006); and *IDEA Public Charter School v. Belton*, 2006 WL 667072 (D.D.C. Mar. 15, 2006). As Judge Collyer has explained, LEA charter

since only the current defendants are alleged to have violated IDEIA with respect to S.S., the Court would have no authority to order DCPS to provide S.S. with compensatory education to remedy HRA's failure to provide with a FAPE.[5]  Therefore, there are no issues currently before this Court that would require DCPS as a "necessary" participant within the meaning of Rule 19. *See* Fed. R. Civ. P. 19(a).

## CONCLUSION

For the reasons stated herein, defendants' motion to dismiss is **GRANTED** in part and **DENIED** in part.   The parties shall jointly contact chambers within the week.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:   June 25, 2008

---

schools are independent entities under the IDEA and are thus individually responsible for providing students with FAPE. *See Belton*, 2006 WL 667072, at ** 5-6.  Judge Collyer further explained that dsiputes with LEA charter schools are presented to impartial hearing officers not employed by the D.C. Board of Education, and the District has "no authority to direct, rescind, overrule, modify, or alter the substantive decision of any hearing officer," *id.* at * 3 (citing D.C.M.R. § 5-2407.4), and concluded therefore, that complete relief could be afforded without requiring the joinder of DCPS as a party.  *Id.* at * 5.

The difference here, defendants argue, is that S.S. is now a student at Accotink and DCPS is responsible for his education.  However, the only claim for relief is based on past harm allegedly done by HRA while S.S. was enrolled there.  Thus, the holding of *Belton* and related cases is equally applicable here.

[5]  This is not to suggest, however, that a representative from DCPS or Accotink Academy could not participate in the development of a compensatory education plan, should such a remedy become necessary.