UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

S.S., a Minor by his Mother and Next Friend,
TAMIKA SHANK

And

TAMIKA SHANK

    Plaintiffs,

    v.                                Case No. 08-214- ESH

HOWARD ROAD ACADEMY

And

LATONYA HENDERSON (officially
As Chief Administrative Officer
Howard Road Academy)

    Defendants.
_____/

### DEFENDANTS' HOWARD ROAD ACADEMY AND LAYTONYA HENDERSON'S ANSWER AND GROUNDS OF DEFENSE TO THE AMENDED COMPLAINT

COME NOW, the Defendants, Howard Road Academy and Latonya Henderson, in her official capacity as Chief Administrative Officer of Howard Road Academy, by counsel, and for their Answer and Grounds of Defense to the Amended Complaint, state the following:

**First Defense**

The Amended Complaint fails to state a claim upon which relief can be granted.

**Second Defense**

The Defendants hereby incorporate the defenses raised in their Motion to Dismiss.

**Third Defense**

In response to the specific allegations contained in the Amended Complaint, the Defendants state the following:

1. The allegations contained in paragraph no. 1 are admitted.

2. The allegations contained in paragraph no. 2 are admitted.

3. The Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph no. 3.

4. The allegations contained in paragraph no. 4 are admitted.

5. The Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph no. 5.

6. The Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph no. 6.

7. The allegations contained in paragraph no. 7 are admitted.

8. The allegations contained in paragraph no. 8 are admitted.

9. The allegations contained in paragraph no. 9 are denied.

10. In response to the allegations contained in paragraph no. 10, it is admitted that the minor Plaintiff had been a student at Howard Road Academy since the fourth grade. The remaining allegations are denied.

11. In response to the allegations contained in paragraph no. 11, it is admitted that under an individualized education plan ("IEP") dated February 27, 2007, the summary of eduation related services were seventeen (17) hours weekly with a special education teacher; one (1) hour a week of speech therapy; and one (1) hour a week of psychological counseling. There was a subsequent IEP in August of 2007.

12. In response to the allegations contained in paragraph no. 12, it is admitted that a request was sent to Evan Murray at the D.C. P.S., the State Education Agency ("SEA") Placement Office with a packet for "a student that parent is requesting a self-contained placement". The Defendants are without knowledge as to the truth or falsity of the remaining allegations in paragraph no. 12.

13. In response to the allegations contained in paragraph no. 13, it is admitted that a hearing was held before Hearing Officer Terry Banks at the District of Columbia Public Schools ("DCPS") Student Hearing Office, on October 23, 2007.

14. In response to the allegations contained in paragraph no. 14, it is admitted that the Hearing Officer denied Howard Road Academy's Motion to Join DCPS as a party. The reasons, as set forth in the record, have not been fully set forth in the allegations in the Amended Complaint.

15. In response to the allegations contained in paragraph no. 15, it is admitted that the Plaintiff identified thirty-three (33) exhibits to be introduced at the hearing, as set forth in the letter of October 16, 2007. It is further admitted that testimony was presented live at the hearing.

16. The allegations contained in paragraph no. 16 are denied.

17. The allegations contained in paragraph no. 17 are denied.

18. The allegations contained in paragraph no. 18 are denied.

19. The allegations contained in paragraph no. 19 are denied.

20. The allegations contained in paragraph no. 20 are denied.

21. The allegations contained in paragraph no. 21 are admitted.

22. The allegations contained in paragraph no. 22 are denied.

23. In response to the allegations contained in paragraph no. 23, it is admitted that the Plaintiff's expert made certain testimony, which has not been fully and accurately set forth in the allegations contained in paragraph no. 23.

24. In response to the allegations contained in paragraph no. 24, it is admitted that the Plaintiff's expert made certain testimony, which has not been fully and accurate set forth in the allegations contained in paragraph no. 24.

25. The allegations contained in paragraph no. 25 are denied.

26. The allegations contained in paragraph no. 26 are denied.

27. The allegations contained in paragraph no. 27 are denied.

28. The allegations contained in paragraph no. 28 are admitted.

29. The allegations contained in paragraph no. 29 are denied.

30. The allegations contained in paragraph no. 30 are denied.

31. The allegations contained in paragraph no. 31 are denied.

32. The allegations contained in paragraph no. 32 are denied.

33. The allegations contained in paragraph no. 33 are denied.

34. The allegations contained in paragraph no. 34 are denied.

35. The allegations contained in paragraph no. 35 are denied.

36. The allegations contained in paragraph no. 36 are denied.

37. The allegations contained in paragraph no. 37 are denied.

38. The Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph no. 38.

39. The allegations contained in paragraph no. 39 are denied.

40. The allegations contained in paragraph no. 40 are admitted.

41. The allegations contained in paragraph no. 41 are admitted.

42. The allegations contained in paragraph no. 42 are admitted.

43. The Defendants are without knowledge as to the truth or falsity of the allegations contained in paragraph no. 43.

## COUNT I –
**(Violation of 20 U.S.C. § 1400** *et seq.,* **5 DCMR 3000** *et seq.* **& Rehabilitation Act of 1973)**

44. In response to the allegations contained in paragraph no. 44, the Defendants incorporate their responses to the allegations contained in paragraph nos. 1 through 43.

45. The allegations contained in paragraph no. 45 state a conclusion of law and, as such, no response is required.

46. The allegations contained in paragraph no. 46 state a conclusion of law and, as such, no response is required.

47. The allegations contained in paragraph no. 47 state a conclusion of law and, as such, no response is required.

48. The allegations contained in paragraph no. 48 are denied.

49. The allegations contained in paragraph no. 49 are denied.

## COUNT II
### (Violation of 42 U.S.C. § 1983)

50. In response to the allegations contained in paragraph no. 50, the Defendants incorporate their responses to the allegations contained in paragraph nos. 1 through 49.

51. The allegations contained in paragraph no. 51 are denied, and these allegations have been dismissed by the Court.

52. Any allegation not specifically admitted is hereby denied.

### Fourth Defense

The claims by the Plaintiff are moot, and the Plaintiff has obtained the relief sought.

### Fifth Defense

The Plaintiff did not make a request for the relief sought in this case before the hearing examiner and did not fully and adequately present the record to support the claimed relief sought.

### Sixth Defense

The relief sought by this Court is not appropriate for this Court to handle. The relief, if any, can be awarded by the hearing officer, but not by this Court.

### Seventh Defense

The Defendants intend to rely on all defenses available at law or in equity as the facts of the case may show.

### Eighth Defense

The Plaintiff has not alleged damages, has not alleged facts which support a claim for compensatory relief, and is not entitled to the relief sought.

WHEREFORE, having fully responded to the allegations contained in the Amended Complaint, the defendant prays that the Amended Complaint be dismissed, that the Court declare that the judgment decision by the hearing officer was appropriate, was supported by the law and evidence, that there has been no violation of the Plaintiff's rights under the applicable law, and that Howard Road Academy has fully complied with its requirements and obligations under the law, along with such other relief as the Court may deem appropriate, including costs and fees.

### Jury Demand

The Defendants demand a trial by jury as to all issues.

**HOWARD ROAD ACADEMY**
**And**
**LATONYA HENDERSON**
By Counsel

/s/_____
Stephen A. Horvath, Esquire
Virginia State Bar No. 19133
*Counsel for Defendants Howard Road Academy*
*And Latonya Henderson*
TRICHILO, BANCROFT, McGAVIN,
HORVATH & JUDKINS, P.C.
3920 University Drive
Fairfax, Virginia  22030
Telephone:    (703) 385-1000
Facsimile:    (703) 385-1555
shorvath@vadctriallaw.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 2nd day of July, 2008, I will electronically file the foregoing **Answer and Grounds of Defense to the Amended Complaint,** with the Clerk of Court electronically, which will then send a notification of such filing to the following:

Donna L. Wulkan, Esquire
D.C. Bar No. 370961
*Counsel for Plaintiffs*
1765 N Street, N.W.
Carriage House
Washington, D.C.  20036
(202)  682-3909
(202)  986-4670 (fax)

                                        /s/_____
                                        Stephen A. Horvath, Esquire
                                        D.C. Bar No. 417137
                                        *Counsel for Defendants Howard Road Academy and*
                                        *Latonya Henderson*
                                        TRICHILO, BANCROFT, McGAVIN,
                                        HORVATH & JUDKINS, P.C.
                                        3920 University Drive
                                        Fairfax, Virginia  22030
                                        Telephone:    (703) 385-1000
                                        Facsimile:     (703) 385-1555
                                        shorvath@vadctriallaw.com